IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ | § | |
| v. | § | CIVIL ACTION NO. 6:07cv434 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Logan Diez, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his continued confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Diez says that he received a 30-year sentence in 1982, but that this was "commuted" to 29 years, two months, and five days by time credits given under the Prison Management Act in or around 1987. Diez says that his maximum expiration date has been improperly established, resulting in improper calculation of his good time as well as failure to release him when he should have been released. He says that his maximum expiration date was set at July 15, 2015, when it should have been September 19, 2014.

The Respondent was ordered to answer the petition and filed a motion arguing that it should be dismissed as successive. The Respondent noted that Diez has filed numerous federal habeas corpus petitions and says that his grounds for relief could have been presented earlier. Diez filed a response to the motion saying that his claims did not even arise until he returned from parole in 2002 and that he did not learn of the bases of his claims until the Board of Pardons and Paroles gave him a serve-all (meaning that he was denied release on parole).

1

The Magistrate Judge reviewed copies of Diez's state court records. These records show that in his eleventh state habeas corpus application, which was denied on July 31, 2002, Diez was informed by an affidavit from Howard Thrasher that his maximum expiration date was July 15, 2015. Diez filed a federal habeas corpus petition in 2005, after he knew or should have known that his maximum release date was allegedly incorrect; thus, the Magistrate Judge reasoned that this claim was successive.

Diez also discusses his minimum expiration date (i.e. the date when he is eligible for release on mandatory supervision). He says that this date was also incorrectly computed. As proof, he points to two time credit calculation sheets. The first of these, dated February 15, 2007, shows that Diez had two years and 10 months of good time credits, and his classification status was Line Class I. His minimum expiration date was listed as October 15, 2008. Diez says that he then received a promotion to State Approved Trusty III and was given retroactive good time. A time credit sheet dated April 27, 2007, shows that he has four years and 19 days of good time credits. However, despite the addition of some 14 months of good time credits, Diez's minimum expiration date is still listed as October 15, 2008. The Magistrate Judge determined that this claim could not have been raised in a prior habeas petition and was not successive, because it did not arise until April of 2007; however, the Magistrate Judge also concluded that Diez's available state remedies on this claim had not been exhausted.

The Magistrate Judge thus recommended that Diez's claims concerning the maximum expiration date of his sentence, and his claim that the sentence had been computed at 30 years without factoring in Prison Management Act time, be dismissed as successive. The Magistrate Judge further recommended that the remaining claims in the petition, including but not limited to the computation of Diez's mandatory discharge date in light of good time received retroactively in 2007, be dismissed without prejudice for failure to exhaust state remedies.

Diez filed objections to the Magistrate Judge's Report on February 29, 2008. In his objections, Diez says first that his claims could not have been raised in any earlier habeas petitions

because as long as he was eligible and being considered for parole, the mandatory supervision date was "legally and factually irrelevant." He says that this only became relevant once he was issued the serve-all by the Parole Board. He also says that he could not have challenged the mandatory supervision release date because it was "flexible," and so he could not challenge it until he actually reached the date and was denied release.

Next, Diez says that the exhaustion requirement does not require that "all available" state remedies be exhausted, but only that the prisoner give the State "a fair and reasonable opportunity" to redress the grievances. He specifies that in his view, this means "the State," not "the state courts." Because TDCJ has set up a time dispute resolution process, Diez argues that it is "redundant" to require him to go through both. He also says that he has "implored" state officials to correct his time, and that he also contacted the Attorney General's office, and so he says that he has "given the State the opportunity" to correct the errors.

Diez's objections are without merit. As the Magistrate Judge said, he was placed on notice in 2002 that the maximum expiration date of his sentence was set at a date which Diez considered erroneous, which was the July 15, 2015 date. Diez himself says that the allegedly improper calculation of this date rendered his minimum expiration date calculation erroneous. As the Magistrate Judge observed, Diez filed a federal habeas corpus petition in 2005, and so his claims regarding facts of which he had knowledge in 2002 are successive.

Diez's objections concerning exhaustion are likewise without merit. As the Magistrate Judge set out, the Texas Court of Criminal Appeals will entertain petitions in which prisoners contend that their mandatory supervision release dates have been improperly calculated. Diez did not seek this remedy, leaving his claims unexhausted.

The Respondent also filed objections to the Magistrate Judge's Report. These objections contend that the Magistrate Judge erred by recommending dismissal of at least one of Diez's claims as unexhausted, rather than successive. The Respondent says that Diez's claims are all based upon the time calculations under the Prison Management Act, and thus are all successive.

The Respondent acknowledges Diez's time calculation sheets from 2007, but says that nonetheless, Diez's "ultimate claims are consistently linked to PMA matters" which are successive.

The Respondent's objections are also unavailing. To the extent that Diez's claims are linked to the Prison Management Act time or to the setting of his maximum release date as July 15, 2015, these claims are successive, as the Magistrate Judge says. However, the 2007 time computation sheets which Diez furnishes cannot be considered as successive, because these particular facts did not exist at the time of Diez's 2005 federal habeas corpus petition. As the Magistrate Judge said, these sheets show that Diez was awarded some 14 months of good time between February and April of 2007, yet his minimum expiration date remained unchanged. Neither party has shown why this fact is related to the Prison Management Act, or to any facts which existed at the time of Diez's 2005 federal habeas corpus petition. For this reason, as the Magistrate Judge said, the claim regarding the lack of change in his minimum expiration date after this award of good time is not successive, but it is unexhausted. The objections of the parties are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's and Respondent's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the parties are without merit. It is accordingly

ORDERED that the parties' objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that all of the claims in the above-styled application for the writ of habeas corpus which relate to the maximum expiration date of his sentence, and the computation of this sentence as 30 years without crediting time under the Prison Management Act, be and hereby are DISMISSED with prejudice as successive. Such claims also include any claims regarding Diez's minimum expiration date, or mandatory supervision release date, which are related to the maximum expiration date of his sentence or to time credit given under the Prison Management Act. It is further

ORDERED that all other claims in the petition, including but not limited to the computation of Diez's mandatory discharge date in light of good time which he received retroactively in 2007, be and hereby are DISMISSED without prejudice for failure to exhaust state remedies. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 20th day of March, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE